UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS E. BROOKS,

    Petitioner,

v.                                CASE NO. 05-CV-73347-DT
                                   HONORABLE VICTORIA A. ROBERTS

DOUG VASBINDER,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

      Thomas E. Brooks ("Petitioner"), a state prisoner confined at the Cotton Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of possession with intent to deliver between 50 and 225 grams of cocaine and conspiracy to deliver less than 50 grams of cocaine following a joint jury trial with co-conspirators Antonio Dean, Daniel Lee, and Darryl Ervin in the Oakland County Circuit Court in 2002. Petitioner was sentenced as a third habitual offender to concurrent terms of 10 to 40 years and one to 40 years imprisonment on those convictions.

      Petitioner raises claims concerning the denial of a severance motion, the admission of co-conspirator statements, the sufficiency of the evidence, the jury instructions, and cumulative error. For the reasons set forth below, the Court concludes that Petitioner is not entitled to relief and denies the petition for writ of habeas corpus.

1

I. <u>Facts</u>

Petitioner's convictions arise from his involvement in an undercover drug buy. The Michigan Court of Appeals set forth the background facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> On November 13, 2001, Royal Oak police officer Martin Lavin arranged to meet Mr. Dean at an Oakland County Kentucky Fried Chicken to purchase two ounces of cocaine. Mr. Dean arrived at the meeting with his codefendants in a black Lincoln. With several surveillance officers listening over a radio transmission, defendant, along with his codefendants, encouraged Officer Lavin to meet them at a Wendy's within the city of Detroit to complete the transaction. At the subsequent meeting, Mr. Dean attempted to sell Officer Lavin approximately fifty-five grams of cocaine contained in two clear plastic bags. The officers immediately arrested all four codefendants. During the arrest and booking procedure, the officers seized $415 and a cellular telephone from defendant and $228 from Mr. Ervin.

*People v. Brooks*, No. 245252, 2004 WL 840232, *1 (Mich. Ct. App. April 20, 2004). Additional relevant facts are included in the body of this opinion.

II. <u>Procedural History</u>

Following his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims contained in his petition. The Court of Appeals affirmed Petitioner's convictions in a per curiam decision. *People v. Brooks*, No. 245252, 2004 WL 840232 (Mich. Ct. App. April 20, 2004). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Brooks*, 472 Mich. 865, 692 N.W.2d 840 (2005).

This petition for writ of habeas corpus asserts the following claims as grounds for relief:

> A. He was denied his rights to due process and a fair trial when the trial court failed to grant the defense motion for severance.

2

    B.      He was denied his right to confront the witnesses against him, due process, and a fair trial when the trial court erred in admitting hearsay statements at trial.

    C.      The trial court abused its discretion when it denied his motion for new trial based on sufficiency of the evidence.

    D.      The trial court erred in failing to give the requested jury instruction about his actual knowledge of the amount of controlled substances involved in the conspiracy.

    E.      The combined effect of the multiple errors denied his right to due process and a fair trial.

Respondent filed an answer to the petition asserting that it should be denied for lack of merit. Petitioner submitted a reply.

### III.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

  Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th

4

Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. See *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

IV. <u>Analysis</u>

    A.    <u>Severance Claim</u>

Petitioner asserts he is entitled to habeas relief because the trial court erred in denying a defense motion for severance. The issue of severance is governed by state law. See *Hutchison v. Bell*, 303 F.3d 720, 731 (6th Cir. 2002). The United States Court of Appeals for the Sixth Circuit ruled that a severance claim cannot provide a basis for habeas relief because the United States Supreme Court has never clearly established a federal right to severance. See *Phillips v. Million*, 374 F.3d 395, 398 (6th Cir. 2004). Nonetheless, it is well-settled that a state law trial error does not warrant habeas relief unless the "error rises to the level of depriving the defendant of fundamental fairness in the trial process." See *Serra v. Michigan Dep't. of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993).

Courts favor the joinder of defendants charged with participating in the same act or series of acts because it is more efficient than conducting separate trials. See *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Gibbs*, 182 F.3d 408, 434 (6th Cir. 1999). "Antagonistic defenses arise when one person's claim of innocence is predicated solely on the guilt of a co-defendant." *United States v. Harris*, 9 F.3d 493, 501 (6th Cir. 1993). "Mutually antagonistic defenses are not prejudicial per se." *Zafiro,* 506 U.S. at 538. When defendants are properly joined, courts should grant a

5

severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. The mere fact that there is hostility among the defendants or that one defendant may try to save himself at the expense of another is not a sufficient ground to require separate trials. *See United States v. Pierce*, 62 F.3d 818, 830-31 (6th Cir. 1995); *Ringstaff v. Mintzes*, 539 F. Supp. 1124, 1131 (E.D. Mich. 1982).

The Michigan Court of Appeals concluded that the trial court did not abuse its discretion in denying the severance motion because Petitioner failed to present an affidavit or offer of proof to demonstrate that his substantial rights were prejudiced. The court further stated that Petitioner was not prejudiced by the joint trial because he was able to argue in closing that he was only present to buy marijuana and that his co-defendants conspired to deliver cocaine. Lastly, the court noted that the admission of the co-conspirators' statements was not prejudicial because there was evidence of concerted action. *See Brooks*, 2004 WL 840232 at *2.

This Court finds that the Michigan Court of Appeals' decision is consistent with Supreme Court precedent and constitutes a reasonable application of federal law. The defendants' defenses were neither antagonistic nor mutually exclusive. Further, the trial court instructed the jury about the proper use of the evidence and cautioned the jury to consider the defendants' fates separately. *See* Trial Tr. Vol. II, pp. 223-24. Petitioner has not shown that the jury was prevented from making a reliable judgment about his guilt or innocence or that he was otherwise unconstitutionally prejudiced by the joint trial. Habeas relief is not warranted.

      B.     <u>Confrontation Claim</u>

Petitioner asserts he is entitled to habeas relief because the trial court erred in admitting statements made by the co-defendants to Royal Oak police officer Martin Lavin. The Michigan Court of Appeals described the relevant facts as follows:

> On direct examination, Officer Lavin testified regarding his prior arrangement to purchase cocaine from Mr. Dean. Officer Lavin further testified to various statements made by defendant and his codefendants during the initial meeting at Kentucky Fried Chicken. Mr. Dean indicated that the cocaine belonged to the other men and that they were not comfortable with the location of the transaction. Mr. Dean encouraged Officer Lavin to follow them to another location in the city of Detroit. Mr. Ervin also approached Officer Lavin's vehicle to encourage him to follow the men down the street to purchase the cocaine. Mr. Ervin later returned to Officer Lavin's vehicle offering to allow him to hold onto $2000 as security for his safety. Defendant approached Officer Lavin and stated, "Man, if you want this shit follow us." FN6 The codefendants reentered the Lincoln and drove up next to Officer Lavin's vehicle. From the driver's seat, Mr. Lee arranged to meet Officer Lavin at the Wendy's location later that evening. Mr. Lee indicated that they needed to pick up the cocaine before the meeting. FN7
>
> FN6. [Trial Transcript July 2, 2002, p 67.]
> FN7. Officer Lavin's testimony regarding the substance of these conversations was corroborated by the testimony of three surveillance officers.

*Brooks*, 2004 WL 840232 at *1.

The trial court admitted the statements under Michigan Rule of Evidence 801(d)(2)(E), finding that the statements were made by co-conspirators during the course and in furtherance of the conspiracy and that they were not hearsay.

The Michigan Court of Appeals found that the trial court erred in admitting the co-conspirators' statements without first determining that a conspiracy existed as required by Michigan Rule of Evidence 104(a), but concluded that the error was not prejudicial because the prosecution presented sufficient independent evidence to prove the existence of a conspiracy, including Petitioner's own statements to Officer Lavin and the fact that co-defendant Dean placed calls from Petitioner's cell phone during the

7

relevant time period.  *Brooks*, 2004 WL 840232 at *2.

To the extent that Petitioner relies upon an error of state evidentiary law in seeking habeas review, he is not entitled to relief from this Court.  It is well-settled that alleged trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  Questions concerning the admissibility of evidence are properly left to the sound discretion of the trial court.  *See Oliphant v. Koehler*, 594 F.2d 547, 555 (6th Cir. 1979).  Only where admission of the disputed evidence rendered the trial "so fundamentally unfair as to constitute a denial of federal rights" may it provide grounds for granting a writ of habeas corpus.  *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

Petitioner claims that the admission of the co-conspirators' statements violated his confrontation and due process rights.  The Michigan Court of Appeals did not specifically address whether the evidentiary error constituted a denial of Petitioner's constitutional rights.  Accordingly, this Court must conduct an independent review of the state court's decision.  *See, e.g., Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *Morse v. Trippett*, 102 F. Supp. 2d 392, 402 (E.D. Mich. 2000).  This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Harris*, 212 F.3d at 943.  This review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the

8

AEDPA." *Id.*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." U.S. Const. amend. VI. The Confrontation Clause provides criminal defendants the right to confront and cross-examine witnesses against them. *See Davis v. Alaska*, 415 U.S. 308, 315 (1973). The constitutional right to confront adverse witnesses generally prevents a court from admitting an out-of-court statement against a criminal defendant. The Sixth Amendment protections are not so broad, however, as to exclude the admission of all hearsay statements against a criminal defendant despite his inability to confront the declarant at trial. *See Maryland v. Craig*, 497 U.S. 836, 847-48 (1990). The constitutionality of the admission of a hearsay statement depends on whether the statement is testimonial or non-testimonial in nature, and on the circumstances surrounding the making of the statement.

In *Crawford v. Washington*, 541 U.S. 36, 54 (2004), the United States Supreme Court held that the *testimonial* statement of a witness who does not appear at trial is inadmissible unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness. The proper inquiry in deciding whether a statement is testimonial is "whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime." *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2005). In *Crawford*, the Supreme Court ruled that testimonial statements include preliminary hearing testimony, grand jury testimony, prior trial testimony, and statements made during police interrogations. *Crawford*, 541 U.S. at 54. Testimonial statements do not include remarks made to family members or acquaintances, business records, or

9

statements made in furtherance of a conspiracy. *Id.* at 51-52, 56; *United States v. Martinez*, 430 F.3d 317, 328-29 (6th Cir. 2005); *see also United States v. Stover*, 474 F.3d 904, 912-13 (6th Cir. 2007).

The co-defendants' statements to the undercover officer were made during the course of the drug transaction and were made in furtherance of the conspiracy. As such, they are non-testimonial in nature. *Crawford* is thus inapplicable. The standard governing the admissibility of non-testimonial hearsay statements is that set forth in *Ohio v. Roberts*, 448 U.S. 56 (1980). *See United States v. Franklin*, 415 F.3d 537, 546 (6th Cir. 2005); *United States v. Gibson*, 409 F.3d 325, 338 (6th Cir. 2005) ("*Crawford*" dealt only with testimonial statements and did not disturb the rule that non-testimonial statements are constitutionally admissible if they bear independent guarantees of trustworthiness."). Under *Roberts*, when a hearsay declarant is unavailable for cross-examination at trial, his non-testimonial statement can be admitted if it falls within a firmly-rooted hearsay exception to the hearsay rule, or if it contains particularized guarantees of trustworthiness such that adversarial testing would be expected to add little, if anything, to the statement's reliability. *Roberts*, 448 U.S. at 66.

The statements were found to be made by co-conspirators during the course and in further of the conspiracy and not hearsay. *See* Mich. R. Evid. 801(d)(2)(E); Fed. R. Evid. 801(d)(2)(E). A statement is "in furtherance of" a conspiracy if it is intended to promote the objectives of the conspiracy, but it need not actually advance the conspiracy. *United States v. Hitow*, 889 F.2d 1573, 1581 (6th Cir. 1989). Statements identifying the participants and their roles in the conspiracy, *United States v. Clark*, 18 F.3d 1337, 1342 (6th Cir. 1994), statements updating a conspirator on the progress or activities of a coconspirator, or statements intended to gain the trust and assurance of

co-conspirators, *United States v. Rios*, 842 F.2d 868, 874 (6th Cir. 1988), may all be in furtherance of a conspiracy. The co-defendants' statements to the undercover officer were made to facilitate the transaction and the delivery of cocaine. As such, they were clearly made in furtherance of the conspiracy and their use at trial did not violate Petitioner's confrontation rights. The Confrontation Clause does not require a showing of unavailability of the declarant as a condition to the admission of the out-of-court statements of a non-testifying conspirator when those statements otherwise satisfy Rule 801(d)(2)(E). *See United States v. Inadi*, 475 U.S. 387, 399-400 (1986). Nor does the Confrontation Clause require a showing that the statement bears an independent indicia of reliability. *See Bourjaily v. United States*, 483 U.S. 171, 182 (1987).

The admission of the co-conspirators' statements also did not violate Petitioner's due process rights or render his trial fundamentally unfair. The prosecution presented independent evidence, including Petitioner's own statements and the use of his cell phone during the transaction, which demonstrated the existence of the conspiracy. Petitioner's constitutional rights were not violated. Habeas relief is therefore not warranted.

    C.    <u>Insufficient Evidence Claim</u>

Petitioner contends he is entitled to habeas relief because the prosecution presented insufficient evidence to support his conspiracy conviction. In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

11

doubt."

Under Michigan law, a conspiracy involves the mutual agreement or understanding, express or implied, between two or more persons to commit a criminal act or a legal act by unlawful means. See Mich. Comp. L. § 750.157a; *People v. Anderson*, 418 Mich. 31, 36, 340 N.W.2d 634 (1983). Conspiracy may be established by circumstantial evidence and may be based on inference. See *People v. McKenzie*, 206 Mich. App. 425, 428, 522 N.W.2d 661 (1994). Direct proof of agreement is not required, nor is it necessary that a formal agreement be proven. It is sufficient if the circumstances, acts, and conduct of the parties establish an agreement in fact. See *People v. Justice (after remand)*, 454 Mich. 334, 347, 562 N.W.2d 652 (1997). To support a conviction for conspiracy to deliver a controlled substance, the prosecution must prove that: (1) the defendant possessed the specific intent to deliver the statutory minimum as charged; (2) his coconspirators possessed the specific intent to deliver the statutory minimum as charged; and (3) the defendant and his coconspirators possessed the specific intent to combine to deliver the statutory minimum as charged to a third person. See *People v. Mass*, 464 Mich. 615, 629-30, 633, 628 N.W.2d 540 (2001) (citing *Justice, supra*); see also Mich. Comp. L. § 333.7401(2)(a)(iv). "[I]f one conspires to deliver an unspecified amount of cocaine one would, at a minimum, be guilty of conspiring to deliver less than 50 grams of cocaine." *Mass*, 464 Mich. at 631.

The Michigan Court of Appeals concluded that the prosecution presented sufficient evidence to establish Petitioner's guilt of conspiracy to deliver less than 50 grams of cocaine because co–defendant Dean attempted to deliver 55 grams of cocaine to the undercover police officer, Petitioner and his co-defendants used the same language to refer to the cocaine, and Petitioner and his co-defendants

12

encouraged the officer to follow them to another location to conduct their transaction. *See Brooks*, 2004 WL 840232 at *3.

This Court concludes that the Michigan Court of Appeals' decision is neither contrary to *Jackson* nor an unreasonable application of the law or the facts. The police testimony recounting Petitioner's statements, the use of Petitioner's cell phone during the transaction, and the co-defendants' statements support this determination, as well as the fact that co-defendant Dean attempted to deliver 55 grams of cocaine during the incident. Such testimony established that Petitioner acted with the requisite knowledge and intent to conspire with the co-defendants to deliver cocaine to the undercover officer.

To the extent that Petitioner's insufficient evidence claim challenges the inferences that the jury drew from the testimony presented at trial or challenges the weight to be accorded certain pieces of evidence, he is not entitled to relief. It is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). Given the evidence presented at trial, a rational trier of fact could have found Petitioner guilty of conspiracy to deliver less than 50 grams of cocaine beyond a reasonable doubt. Habeas relief is not warranted.

D.    Jury Instruction Claim

Petitioner asserts he is entitled to habeas relief because the trial court erred in failing to instruct the jury that knowledge of the amount of cocaine was a necessary element of conspiracy.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *see also Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Coe v. Bell*, 161 F.3d 320, 329 (6th Cir. 1998). If an instruction is ambiguous and not necessarily erroneous, it runs afoul of the Constitution only if there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution. *Estelle*, 502 U.S. at 72. State law instructional errors rarely form the basis for federal habeas corpus relief. *Id.* at 71-72.

The failure to give a defense instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the trial fundamentally unfair. *See Maes v. Thomas*, 46 F.3d 979, 984-85 (10th Cir. 1995); *Nickerson v. Lee*, 971 F.2d 1125, 1137 (4th Cir. 1995). A failure to instruct does not deprive a petitioner of fundamental fairness where the instructions as a whole adequately present the defense theory to the jury. *See Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155.

The Michigan Court of Appeals determined that Petitioner was not entitled to relief on this claim because although a Michigan defendant is entitled to an instruction requiring the jury to find that the defendant conspired to deliver at least the statutory minimum as charged, conspiracy to deliver less than 50 grams of cocaine does not include a statutory minimum. The Court of Appeals further concluded that the trial court properly instructed the jury with regard to conspiracy to deliver less than 50

grams of cocaine. *See Brooks*, 2004 WL 840232 at *3-4 (citing *Mass, supra*).

This Court finds that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The jury instructions, when considered as a whole and in light of the trial court record, adequately informed the jury of the charges and the necessary elements to support a conviction on each of the charged offenses. In particular, the jury was properly instructed that they must find that Petitioner conspired with another with the intent to deliver cocaine and that "the substance was a mixture weighing less than 50 grams." *See* Trial Tr. Vol. II, p. 230. Petitioner has not established that the trial court's instructions rendered his trial fundamentally unfair. Habeas relief is not warranted.

  E. Cumulative Error Claim

Lastly, Petitioner asserts he is entitled to habeas relief based upon the cumulative effect of the alleged errors. The Michigan Court of Appeals denied relief on this claim because it found no error requiring reversal. *See Brooks*, 2004 WL 840232 at *4. This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law. Since the Court determined that Petitioner's claims lack merit, he cannot establish that habeas relief is warranted based upon cumulative error. Further, the United States Court of Appeals for the Sixth Circuit noted that the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir. 2002). Habeas relief is therefore not warranted.

V. Conclusion

The Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition. Accordingly, the Court **DENIES WITH PREJUDICE**

the petition for writ of habeas corpus.

**SO ORDERED**.

                                            S/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated:  March 2, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 2, 2007.

S/Carol A. Pinegar
Deputy Clerk

---